Argued and submitted July 18, reversed and remanded with instructions; otherwise affirmed October 26, Kaiser Foundation Hospital's reconsideration denied December 23, 1988, Whinston's reconsideration denied March 3, both petitions for review allowed March 21, 1989 (307 Or 571)
See later issue Oregon Reports

# WHINSTON,
## *Appellant,*

### *v.*

# KAISER FOUNDATION HOSPITAL et al,
## *Respondents.*

### (A8212-07341; CA A41750)

763 P2d 177

John Paul Graff, Portland, argued the cause for appellant. With him on the briefs was Graff & O'Neil, Portland.

John R. Faust, Jr., Portland, argued the cause for

respondents. With him on the brief was Schwabe, Williamson & Wyatt, Portland.

Before Warden, Presiding Judge, Riggs, Judge, and Van Hoomissen, Judge pro tempore.

WARDEN, P. J.

## WARDEN, P. J.

Plaintiff alleged that three of defendants' agents, Dr. Porter, a gastroenterologist, Dr. Gregory, a psychiatrist, and Dr. Levine, a psychologist, were negligent, resulting in serious injury to him. At the close of all the evidence, the trial court entered directed verdicts for defendants on the claims of negligence by Gregory and Levine. ORCP 60. The case against Porter was submitted to the jury on three allegations of negligence.[1] The jury, by a general verdict, awarded plaintiff $3,183,845 in general and special damages. The trial court first entered judgment on the verdict but then granted defendants' motion for judgment *n.o.v.,* ORCP 63, on the ground that there was no evidence concerning the standard of care required of gastroenterologists in the Portland metropolitan area or similar communities. Plaintiff appeals.

The decisive issue is whether the trial court erred in granting defendants' motion. We must reinstate the jury verdict unless we can say affirmatively that there is no evidence to support it. *Jacobs v. Tidewater Barge Lines,* 277 Or 809, 811, 562 P2d 545 (1977); *see Hillstrom v. McDonald's Corporation,* 88 Or App 444, 448, 746 P2d 222 (1987), *rev den* 305 Or 103 (1988). We must view the evidence and all inferences derived from it in the light most favorable to plaintiff, because he prevailed before the jury. *Jacobs v. Tidewater Barge Lines, supra.*

■ Three allegations of negligence were submitted to the jury. We hold that evidence which is sufficient to support any one of the three is sufficient to support the judgment, because the jury gave a general verdict in favor of plaintiff. Although the decisions are not unanimous, a majority of the courts which have considered the question hold that, when several issues are submitted to the jury, a general verdict will stand if any one of the issues was properly submitted, even if there might be errors related to others. *See* 89 CJS "Trial," § 505; 5 Am Jur 2d, "Appeal and Error," § 787; 76 Am Jur 2d, 119-120, "Trial", § 1149. Oregon courts have not explicitly ruled on this point. However, in *Byers v. Santiam Ford, Inc.,* 281 Or 411, 415, 574 P2d 1122 (1978), the Supreme Court upheld a judgment for the plaintiff, despite errors concerning one count,

---

[1] The three allegations were that Porter failed to perform or obtain a liver biopsy, to diagnose cirrhosis of the liver and to diagnose vitamin A toxicity.

because it was able to tell from the jury's answers to special interrogatories that it had also found for the plaintiff on the other count. In support of its decision, the Supreme Court cited *Berger v. Southern Pac. Co.,* 141 Cal App 2d 1, 300 P2d 170 (1956), where the California Court of Appeals held that

> "if the verdict in favor of a plaintiff is general in form and there is one count which is supported by the evidence and which is free from error, such verdict will be upheld." 141 Cal App 2d at 5.

The Supreme Court's reliance on *Berger v. Southern Pac. Co., supra,* the weight of authority from other jurisdictions and the constitutional and statutory admonitions that we reverse only when we can determine that error was prejudicial, Or Const, Art VII (amended), § 3; ORS 19.125(2), lead us to adopt the *Berger* rule. The alternative would risk depriving a party of a verdict to which it was entitled simply because its opponent had not sought, or the trial court had not allowed, special interrogatories. It is more consistent with the importance of the jury's role in our judicial system that we uphold its verdict when we cannot say that it is wrong.

■     Defendants assert, and the trial court held, that there is no evidence from which the jury could find that Porter failed to exercise the degree of care and skill that an ordinarily careful gastroenterologist in the same or similar community would exercise under similar circumstances. *See Creasey v. Hogan,* 292 Or 154, 164, 637 P2d 114 (1981); *see also* ORS 677.095. Expert testimony is required to establish that standard of care, because that is not ordinarily within the knowledge of the jury. *See Getchell v. Mansfield,* 260 Or 174, 179, 489 P2d 953 (1971). The failure of a physician to diagnose a person's condition is not negligent, unless it results from a departure from the applicable standard of reasonable care and causes harm. *Willard v. Hutson,* 234 Or 148, 165, 378 P2d 966 (1963); *see also Roach v. Hockey,* 53 Or App 710, 714, 634 P2d 249, *rev den* 292 Or 108 (1981).

The trial court ruled that there was no evidence concerning the standard of reasonable care against which the jury could measure Porter's conduct. We agree that there is no evidence that Porter's failure to obtain a liver biopsy constituted substandard care or that his failure to diagnose vitamin A toxicity resulted from a violation of the standard of

care. However, there *is* evidence to support the allegation that Porter negligently failed to diagnose plaintiff's liver cirrhosis in 1979.[2] At trial, Dr. Falkenstein, a board certified gastroenterologist, testified that Porter had failed to diagnose cirrhosis because his conduct fell below the applicable standard of reasonable care in several particulars and that his failure to diagnose and treat the cirrhosis had caused plaintiff injury.[3] That evidence is sufficient to support the jury's general verdict, *see Jacobs v. Tidewater Barge Lines, supra,* and it was error to grant defendants' motion for judgment *n.o.v.* We therefore reverse and remand for entry of judgment for plaintiff on the jury verdict.[4] *Hillstrom v. McDonald's Corporation, supra.*

In his third assignment, plaintiff contends that the trial court erred in directing a verdict as to the allegations against Gregory. There is no evidence that any misdiagnosis by Gregory caused any injury to plaintiff, and the trial court did not err in directing the verdict.

Reversed and remanded with instructions to enter judgment for plaintiff on the jury verdict; otherwise affirmed.

---

[2] We do not interpret counsel's remarks made at oral argument as an abandonment of the arguments in the briefs.

[3] Falkenstein testified that he was familiar with the standard of care of a "reasonably careful practicing gastroenterology specialist" in the Portland metropolitan area and other similar communities; that, in his opinion, Porter's 1979 consultation with plaintiff was "markedly below the accepted standard of practice and care" in several particulars, including the "failure to initiate an orderly evaluation of potential digestive disease including, but not limited to, liver disease;" that a proper series of diagnostic tests "would have led to the uncovery [sic] of a liver disease, a liver dysfunction, a liver condition associated with one of several potential diseases had only such a work-up been initiated, and had the patient been brought under appropriate medical concern and treatment;" that Porter's failure to initiate diagnostic tests caused a delay in the diagnosis of plaintiff's liver condition; and that the degree of liver disease could have been "halted [or] reversed," had there been no delay.

[4] Because of our disposition of this issue, we need not address plaintiff's second assignment of error.