# DUTCH PROPERTIES CONSTRUCTION, INC.,
## dba Riverhouse Restaurant et al,
### *Respondents,*

*v.*

## PAC-SAN, INC.,
### dba Casa Del Torero,
### *Appellant.*

### (CV-86-0884; CA A46505)

778 P2d 969

James G. Breathouwer, Portland, argued the cause for appellant. With him on the briefs were Nancy R. Walseth and Breathouwer, Gilman and Mortland, Portland.

John F. Kilcullen, Eugene, argued the cause for respondent Dutch Properties Construction, Inc. With him on the brief were Larry A. Brown and Flinn, Brown & Roseta, Eugene.

Ralph C. Spooner, Salem, argued the cause and filed the brief for respondents Select of Oregon, Inc., and Depot Investors, Ltd.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

In plaintiffs'[1] action for contribution to the settlement of a personal injury claim, defendant[2] appeals a judgment that it was 70 percent at fault on the underlying claim and that plaintiffs were each 15 percent at fault. Plaintiffs and defendant each owned and operated restaurants that were licensed to serve alcoholic beverages. The underlying claim arose from a two car accident that Cassie Jo Chapman caused.[3] The claimant was the driver of one vehicle and was seriously injured in the accident. Chapman, who drove the other vehicle, was killed. Before the accident, she had consumed alcoholic beverages at each of the three restaurants.

The jury returned this verdict:

*"Special Verdict:*

"1.  What is the percentage of each party's fault?

| | |
|---|---|
| "Defendants Pac-San, Inc. dba Casa Del Torero | 70% |
| "Plaintiff Dutch Properties, Construction, Inc., dba Riverhouse Restaurant | 15% |
| "Plaintiff Select of Oregon, Inc., and Depot Investors, Ltd., dba Michael's Landing | 15% |

"The percentages must total 100%"

Defendant assigns as errors that the court denied its motion for directed verdict, gave erroneous jury instructions to which it excepted and refused to give a jury instruction that it requested. We affirm.

■        At the close of all the evidence, defendant moved for a

---

[1] At all material times, plaintiff Dutch Properties Construction, Inc., owned the Riverhouse Restaurant. Plaintiff Select of Oregon, Inc., and Depot Investors, Ltd., owned Michael's Landing. Each business was operated as a restaurant and lounge.

[2] We refer to Pac-San, Inc., dba Casa Del Torero, as defendant. The parties stipulated at trial that plaintiffs would dismiss their claims against defendant Jones. The court subsequently entered judgment in Jones' favor.

[3] Plaintiffs each contributed $260,000 to the settlement. Defendant contributed $85,000. The parties reserved their right to litigate the issue of their proportionate liability.

directed verdict on the ground that "there is insufficient evidence to support the contentions of plaintiffs' * * * complaint." Plaintiffs' complaint specified that defendant was at fault:

"In serving, providing and otherwise making available to Cassie Jo Chapman alcoholic beverages when she was visibly intoxicated.[4] [This specification is the "statutory claim."]

"* * * * *

"In allowing Cassie Jo Chapman to consume alcoholic beverages when she was visibly intoxicated and when [defendant] knew or should have known that she would be leaving the premises by driving an automobile. [This specification is the "common law claim."]" (Language in brackets ours.)

The jury's verdict, although entitled "special," did not address separately the specifications of negligence. Such a verdict will stand if one of two specifications of negligence was properly submitted to the jury, even if the other specification is not supported by insufficient evidence or is based on an erroneous jury instruction. *See Whinston v. Kaiser Foundation,* 93 Or App 528, 530, 763 P2d 177 (1988), *rev allowed* 307 Or 571 (1989). We first consider whether there was sufficient evidence from which the jury could reach a verdict on the common law specification. *Menke v. Bruce,* 88 Or App 107, 109, 744 P2d 291 (1987).

The jury could have found the facts that we recite. Defendant had employed Chapman as a bartender at the Casa Del Torero for one-and-a-half years before the fatal accident. Jones owned and managed the restaurant. He and Chapman had been intimate for over a year. He customarily drove her to work and had driven her to work on the day before the accident. On that evening, they had argued over whether she

---

4 We treat this specification as a claim under *former* ORS 30.950:

"No licensee or permittee is liable for damages incurred or caused by intoxicated patrons off the licensee's premises unless the licensee or permittee has served or provided the patron alcoholic beverages when such patron was visibly intoxicated."

We need not address whether *former* ORS 30.950 creates statutory liability here. *See Moore v. Willis,* 307 Or 254, 256, 767 P2d 62 (1988).

Plaintiffs also argue that defendant was negligent under ORS 471.410(1). The court, however, did not instruct the jury on that statute. Because of our disposition of the case, we need not decide whether plaintiffs could state a claim based on that statute. *See Hawkins v. Conklin,* 307 Or 262, 265, 767 P2d 66 (1988).

would ride home with him from work. He had asked her if she had been drinking on the job. She did not deny it.

On the day of the accident, Chapman drove her own car to work. She worked her regular shift from 10:00 a.m. until 10:00 p.m. During her shift, Jones called her and asked her to accompany him to Coos Bay that evening. At 4:30 p.m., she was upset. She made herself two drinks around 8:00 p.m. She was visibly intoxicated by 9:00 p.m, when Jones arrived at the Casa Del Torero. She served him a drink. By 9:30 p.m., she was very intoxicated. She had trouble getting her orders ready and paying attention; she tripped over the bar mat and over-filled drinks. She slurred her speech, cried and was very upset.

Defendant's policy allowed an employe to have a drink after the work shift. Chapman regularly had a drink after work, although not necessarily at Casa Del Torero. If she had a drink there after her shift on the night of the accident, Jones would have served it to her. Chapman stayed for a short time after her shift and left the premises before the bar closed. Jones closed the bar between 10:15 and 10:30 p.m.

Jones then drove to the Riverhouse Restaurant. It was five minutes away by car. There, he was joined by two men with whom he had been drinking at the Casa Del Torero. Chapman arrived and joined them at the bar. She ordered and consumed one drink and left after four or five minutes without talking to Jones. At 11:00 p.m., Chapman went to Michael's Landing. At the bar there, she consumed part of a glass of wine and left at around 11:20 p.m. The accident occurred before 11:45 p.m., at a location about eight miles from Michael's Landing. At the time of Chapman's death, the alcohol level in her blood was .36 percent. That evening, she had consumed between 10 and 14 ounces of 80 proof alcohol. At 10:00 p.m., her blood alcohol level was .30 to .31 percent.

We conclude that the jury could find defendant liable on the common law specification, because

"(1) * * * defendant's conduct caused a foreseeable risk of harm, (2) * * * the risk [was] to an interest of a kind that the law protects against negligent invasion, (3) * * * defendant's conduct was unreasonable in light of the risk, (4) * * * the conduct was the cause of [the claimant's] harm and (5) * * * [the claimant] was within the class of persons and [the claimant's] injury was within the general type of potential incidents

and injuries that made defendant's conduct negligent." *Solberg v. Johnson,* 306 Or 484, 490, 760 P2d 867 (1988).

The jury could have found that Chapman had at least one drink, and probably several, at defendant's restaurant after 9:00 p.m., and Jones had an opportunity to observe her, that he knew then, or should have known, that she was visibly intoxicated, had a car available and probably would drive from the premises shortly after the end of her shift, and that he nevertheless allowed her to serve herself alcohol from defendant's bar or served her a drink after her shift. The jury could also have found that Jones' conduct is attributable to defendant, because Jones was its manager and Chapman's supervisor and that, by its conduct in allowing Chapman to consume alcoholic beverages when she was visibly intoxicated, defendant caused a foreseeable risk of harm. It could also have found that the claimant was within the class of persons and that his injury was of the type that made defendant's conduct negligent, that defendant's conduct was unreasonable in the light of the risk and that it caused the harm to the claimant. Accordingly, the court did not err when it denied defendant's motion for a directed verdict with respect to the common law claim.

■ Defendant also assigns as error that the court instructed the jury that, to recover on the common law negligence specification:

"The plaintiffs must establish each of the following elements by a preponderance of the evidence:

"Again, the defendant was a licensee or permittee.

"That the defendant allowed Cassie Jo Chapman to consume alcoholic beverages when visibly intoxicated when the defendants knew or should have known that she would be leaving the premises by driving an automobile.

"And lastly, that her intoxication was the cause of damage to [the victim]."

Defendant excepted to the court's instruction on the grounds that it knew of

"no common law duty of an employer to prevent the consumption of alcohol by its employe while that employe is visibly intoxicated. * * * [T]hat's liquor liability language that applies to customer/licensee relationships. * * * I submit that the so-called common law liquor liability instruction given by the

court is not only erroneous but abstract in that it does not properly apply to any issue in this case."

Under the evidence in this case, and in the light of the exception that defendant stated to the court, the instruction was not erroneous.[5]

Affirmed.

---

[5] Because of our disposition of the case, we do not address plaintiffs' cross-assignments or defendant's assignments or error insofar as they relate to the statutory claim. Defendant withdrew its fifth assignment of error.