Argued and submitted May 4, 1989, the decision of the Court of Appeals reversed in part; order allowing defendants' motion for judgment notwithstanding the verdict and judgment based thereon regarding plaintiff's claims involving Dr. Porter, reversed and remanded to the circuit court for new trial, otherwise affirmed March 6, reconsideration denied May 3, 1990

## WHINSTON,

*Respondent/Cross-Petitioner on Review,*

*v.*

## KAISER FOUNDATION HOSPITAL et al,

*Petitioners/Cross-Respondents on Review.*

(TC A8212-07341; CA A41750; SC S35756, S36014)

788 P2d 428

John R. Faust, Jr., Portland, argued the cause for petitioners/cross-respondents on review. With him on the petition and response to cross-petition was Schwabe, Williamson & Wyatt, Portland.

John Paul Graff, Portland, argued the cause for respondent/cross-petitioner on review. With him on the cross-petition and responses to petition was Graff & O'Neil, Portland.

Before Peterson, Chief Justice, and Linde,** Carson, Jones, Gillette, and Fadeley, Justices.

CARSON, J.

---

** Linde, J., retired January 31, 1990.

## CARSON, J.

In this medical malpractice case, defendants are two corporations and a partnership engaged in providing health care. Plaintiff was a patient of defendants' agents: Dr. Porter, a gastroenterologist;[1] Dr. Gregory, a psychiatrist; and Dr. Levine, a psychologist. Plaintiff claimed that these agents negligently treated his liver ailment.

At the close of plaintiff's case, the trial court directed verdicts for defendants on claims involving Dr. Gregory and Dr. Levine. Claims involving Dr. Porter, the gastroenterologist, were submitted to the jury. By general verdict, the jury awarded plaintiff $3,183,845 in damages. The trial court entered judgment for plaintiff. Later, upon defendants' motion for judgment notwithstanding the verdict and alternative motion for new trial, the trial court granted defendants a judgment notwithstanding the verdict for lack of evidence that Dr. Porter's conduct fell below the standard of care for gastroenterologists.

The Court of Appeals reversed and instructed the trial court to enter judgment on the verdict.[2] *Whinston v. Kaiser Foundation Hospital*, 93 Or App 528, 763 P2d 177 (1988). We review: (1) The effect of remarks made during oral argument in the Court of Appeals; (2) defendants' challenge to the pleading sufficiency of an allegation of negligence; (3) whether there was evidence to support the verdict; and (4) the effect of jury consideration of an allegation unsupported by the evidence. We reverse the judgment of the trial court and, in part, the decision of the Court of Appeals, and remand this case to the trial court for a new trial.

## I. REMARKS DURING ORAL ARGUMENT IN THE COURT OF APPEALS

■ Three allegations of negligence were submitted to the jury involving Dr. Porter: (1) Failure to perform or to obtain a liver biopsy; (2) failure to diagnose plaintiff's cirrhosis; and (3)

---

[1] A gastroenterologist is "a practitioner who specializes in diseases of the digestive tract." Dorland's Illustrated Medical Dictionary 635 (25th ed 1974).

[2] The Court of Appeals affirmed entry of a directed verdict on the claim against Dr. Gregory, the psychiatrist. *Whinston v. Kaiser Foundation Hospital*, 93 Or App 528, 532, 763 P2d 177 (1988). We do not address that issue. ORAP 9.20(2). No issue is presented about Dr. Levine, the psychologist.

failure to diagnose plaintiff's vitamin A toxicity. After a verdict was returned in plaintiff's favor, the trial court determined that there was no evidence that Dr. Porter's conduct fell below the standard of care on any allegation and entered judgment notwithstanding the verdict. Plaintiff assigned the ruling as error. The Court of Appeals found evidence to support the single allegation that Dr. Porter negligently failed to diagnose plaintiff's cirrhosis.

According to defendants, the Court of Appeals should not have considered whether evidence supported this particular allegation because plaintiff "conceded" during oral argument in the Court of Appeals that there was only one issue in this case, based on a different allegation, *viz.:* whether Dr. Porter negligently failed to perform or to obtain a liver biopsy. If defendants are correct, the Court of Appeals erred when it reinstated the verdict because plaintiff withdrew from appellate review the one allegation for which that court found supporting evidence: the allegation that Dr. Porter negligently failed to diagnose plaintiff's cirrhosis. The effect of defendants' argument is that the failure by the Court of Appeals to accept the concession is an error of law.

Defendants rely on the following remarks made by plaintiff's counsel during oral argument in the Court of Appeals:

"The case was submitted to the jury on three specifications of negligence. * * * As the defendants point out, correctly, the latter two allegations, the failure to diagnose allegations, are really allegations of the results. The failure was to do a liver biopsy. * * * So we're really talking here about a single issue: Was there sufficient evidence that a liver biopsy should have been done, that a liver biopsy was required by the standard of care, to submit the case to the jury on all three allegations of negligence."

On their face, these remarks mean what defendants say they mean: Plaintiff's counsel conceded that the sole issue was whether the evidence supported the allegation that Dr. Porter negligently failed to perform or to obtain a liver biopsy.

Plaintiff's counsel, however, did not explicitly withdraw or abandon plaintiff's assignment of error—during oral

argument or otherwise.[3] As previously stated, plaintiff assigned error to the trial court's ruling, *on all three allegations,* that there was no evidence that Dr. Porter's conduct fell below the standard of care. Remarks by plaintiff's counsel during oral argument in the Court of Appeals characterized the record, but the Court of Appeals (and this court) properly look beyond that characterization—at least absent an explicit withdrawal of the assignment of error, and perhaps even then—to determine whether the record supports the relief requested in the assignment of error. *See Shop. Centers v. Stand. Growth Prop.,* 265 Or 405, 498 P2d 781, 509 P2d 1189 (1973) (court disregarded a concession after it examined the record and concluded that the evidence was inconsistent with the concession). Absent an explicit withdrawal of an assignment of error,[4] we do not construe remarks at oral argument as defeating a request for relief when the record supports the relief requested in the assignment of error.

We turn to defendants' challenge to the sufficiency of the allegation that Dr. Porter *negligently failed to diagnose plaintiff's cirrhosis.*

## II. THE SUFFICIENCY OF PLAINTIFF'S NEGLIGENCE ALLEGATION

In his fourth amended complaint, plaintiff alleged that Dr. Porter

"* * * was negligent in the treatment of Plaintiff from December 1, 1977 through and including December 1, 1982, in one or more of the [following] particulars:

"* * * * *

"5. In failing to diagnose Plaintiff's cirrhosis of the liver."

■ Defendants argue that this pleading is deficient. According to defendants, a "mere failure to diagnose is not

---

[3] The Court of Appeals twice rejected the claim of concession, in its opinion, *Whinston v. Kaiser Foundation Hospital, supra,* 93 Or App at 532 n 2, and, implicitly, in denying the petition for reconsideration.

[4] Litigants may withdraw an assignment of error—provided they do so explicitly—in writing or during oral argument. *See Kelly v. Tracy,* 209 Or 153, 170-71, 305 P2d 411 (1956). Upon such withdrawal, the case is considered as if the assignment of error had not been made. Defendants demonstrated one way to withdraw an assignment when, by letter to the Court of Appeals, they "abandoned" their cross-appeal.

negligence. \* \* \* [T]he failure to diagnose is only a bad result that is actionable only where it is caused by some departure from standards of due care." Defendants argue that plaintiff should have alleged *how* Dr. Porter was negligent, *i.e.,* that Dr. Porter failed to perform a "work-up" conforming to the standard of care. They argue that plaintiff recognized the deficiency in his pleading when, during trial, he moved to amend to plead a "defective work-up." The motion was denied. According to defendants, the Court of Appeals erred when it reversed the trial court "on evidence of facts (a defective 'work-up') that plaintiff did not plead and recognized that he had to plead."

Even if we assume that defendants are correct in their assertion that plaintiff's pleading is deficient, such assertion will not aid defendants here. The flaw in defendants' argument is that it runs afoul of ORCP 23 B.[5] Under that rule, a party may amend a pleading to conform to the evidence, thus raising an issue not raised by the pleading. A party may also amend to raise an issue "tried by express or implied consent of the parties." Moreover, ORCP 23 B provides that failure to amend "does not affect the result of the trial." Thus, a pleading for all practical and legal purposes is automatically[6] amended whenever an issue not raised by the pleading is tried by consent.[7]

Here, plaintiff introduced testimony that Dr. Porter negligently failed to perform a "work-up." Dr. Falkenstein, a gastroenterologist, testified that: (1) He was familiar with the

---

[5] ORCP 23 B provides, in part:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

[6] *See* Kirkpatrick, 1980 Oregon Civil Procedure Rules, Analyses of Rules 256 (Oregon Law Institute 1979).

[7] In *Richards v. Dahl,* 289 Or 747, 753, 618 P2d 418 (1980), which was decided before the advent of ORCP 23 B, this court stated:

"[W]hen evidence has been received, that evidence, rather than the allegations of the complaint, should determine whether the party has presented a cause of action. The pleading is a summary or outline of what the party expects to prove. The proof itself, not the summary, should determine whether the party has a cause of action."

standard of care of a "reasonably careful practicing gastroen- terology specialist"; (2) Dr. Porter's conduct fell below "the accepted standard of practice and care" in several respects, such as the "failure to initiate an orderly evaluation of poten- tial digestive disease including but not limited to, liver dis- ease"; (3) diagnostic tests "would have led to the uncovery [sic] of a liver disease"; (4) the failure to begin testing caused a delay in diagnosing the cirrhosis; and (5) without the delay, the liver disease could have been "halted [or] reversed." Defendants did not object to this testimony.

By not objecting to Dr. Falkenstein's testimony, defendants, in the circumstances of this case, effectively con- sented to the trial of the allegation that Dr. Porter negligently failed to perform a work-up relating to the diagnosis of plain- tiff's cirrhosis. As the Court of Appeals found, Dr. Falkens- tein's testimony was some evidence to support the allegation. Accordingly, we turn to whether the evidence supported the verdict.

### III. WHETHER THE EVIDENCE SUPPORTED THE VERDICT

■ The Court of Appeals found evidence in the record to support the allegation that Dr. Porter negligently failed to diagnose plaintiff's cirrhosis, one of three allegations submit- ted to the jury. That court determined that Dr. Falkenstein's testimony was some evidence that Dr. Porter's conduct fell below the standard of care.[8] *Whinston v. Kaiser Foundation Hospital, supra,* 93 Or App at 532. We agree. The granting of the judgment notwithstanding the verdict was error.

Having so found, the Court of Appeals reversed the trial court and remanded with instructions to enter judgment for plaintiff on the verdict. In reaching this disposition, the Court of Appeals, noting that a general verdict was returned by the jury, concluded that because there was evidence to support one of the three allegations (but not the other two),

---

[8] A judgment notwithstanding the verdict is to be granted only when there is *no* evidence to support the verdict. *Hill v. Garner,* 277 Or 641, 643, 561 P2d 1016 (1977). In determining whether the evidence supports the verdict, the evidence is reviewed in the light most favorable to the party in whose favor the verdict was returned. 277 Or at 643; *see also Jacobs v. Tidewater Barge Lines,* 277 Or 809, 811, 562 P2d 545 (1977).

there was sufficient evidence to support the verdict. In this conclusion, the Court of Appeals erred.

This case involves the relatively common circumstance where multiple allegations of negligence are submitted to the jury, some without supporting evidence but some with supporting evidence, and a general verdict form is used. In this situation, it usually is impossible to determine whether the jury returned a verdict on an allegation supported by the evidence or one unsupported by the evidence. In this case, we cannot determine whether the jury returned its verdict based upon the first or third allegations at issue herein (which are unsupported by the evidence) or the second allegation (which *is* supported by the evidence).

■ In such cases, where (1) more than one allegation of negligence is submitted to the jury; (2) one or more of, but not all, the allegations are unsupported by the evidence; and (3) it cannot be determined upon which allegation the jury based its verdict, this court has held that a new trial must be granted. That is, the court has followed a "we can't tell" rule. In *Pavlik v. Albertson's, Inc.,* 253 Or 370, 454 P2d 852 (1969), for example, one of two allegations of negligence submitted to the jury was unsupported by the evidence. A general verdict was returned for plaintiff. This court reversed and remanded for a new trial because the jury might have based its general verdict upon the unsupported allegation. *See also Martin Engineering v. Opton,* 277 Or 291, 560 P2d 617 (1977); *Alvarez v. Great North. Railway Co.,* 261 Or 66, 491 P2d 190 (1971); *Layne v. Portland Traction Co.,* 212 Or 658, 319 P2d 884 (1957), *reh den* 321 P2d 312 (1958).

Plaintiff argues that the Court of Appeals properly reinstated the verdict in this case because one of his allegations of negligence was supported by the evidence. In so arguing, plaintiff relies on *Shelton v. Lowell et al.,* 196 Or 430, 249 P2d 958 (1952), and *Finn et al. v. S.P.& S. Ry. Co.,* 194 Or 288, 241 P2d 876 (1952). There is language in both cases that suggests that this court follows the "two-issue" rule. That is, a general verdict should stand when two or more allegations are submitted to the jury and at least one is supported by the evidence. *See Colonial Stores, Inc. v. Scarbrough,* 355 So2d 1181, 1185-86 (Fla 1978).

In both *Shelton* and *Finn,* this court specifically

found error in the trial courts' refusal to remove from the jury an allegation of negligence. *Shelton v. Lowell et al., supra,* 196 Or at 446; *Finn et al. v. S.P.& S. Ry. Co., supra,* 194 Or at 299. In each case, this court nonetheless upheld the general verdict by invoking Article VII (Amended), section 3, of the Oregon Constitution.[9] As stated by Justice Lusk in his dissent in *Shelton:*

> "* * * I do not suggest at this time a re-examination of the doctrine of *Hoag v. Washington-Oregon Corp.,* 75 Or 588, 144 P 574, 147 P 756, and the cases which follow it, that this court is authorized under Art VII, § 3 of the constitution, in certain circumstances to re-examine the evidence in a law action that has been tried by a jury and to enter judgment based upon such re-examination. But the power so asserted, if it is to stand, should be exercised only with utmost caution and in rare instances." 196 Or at 451.

We decline to exercise that extraordinary power in this case.

The Court of Appeals, in reaching its decision to reinstate the verdict in this case, relied, in part, on this court's decision in *Byers v. Santiam Ford, Inc.,* 281 Or 411, 574 P2d 1122 (1978) and a citation in that case to *Berger v. Southern Pac. Co.,* 144 Cal App 2d 1, 300 P2d 170 (1956). In *Byers,* a buyer of an automobile brought an action against the seller to recover damages on two counts, one for fraud and one for violations of the Unfair Trade Practices Act (UTPA). The special verdict form submitted to the jury segregated the two counts. The jury answered "yes" to both questions asking if the defendant's conduct constituted fraud or violations of UTPA. The defendant contended that the court's instruction on the first count constituted reversible error. This court ruled that even if the first count were submitted on erroneous instructions, count two was not so flawed and affirmed the judgment. *Byers* is an example of the counterpart to the "we

---

[9] Article VII (Amended), section 3, of the Oregon Constitution provides, in part:

"* * * If the supreme court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial; or if, in any respect, the judgment appealed from should be changed, and the supreme court shall be of opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered in the same manner and with like effect as decrees are now entered in equity cases on appeal to the supreme court."

can't tell" rule: There, because of the special verdict form, this court could determine that the jury based its verdict on a valid count. In the *Byers* case, the reviewing court *could* tell.

This court's citation in *Byers* to *Berger v. Southern Pac. Co., supra,* and its precedent, *Leoni v. Delaney,* 83 Cal App 2d 303, 188 P2d 765, 189 P2d 517 (1948), was preceded by the introductory signal *"See,"* suggesting that the proposition relied upon is not stated in the cited authority but follows from it. Harvard Law Review Association, *A Uniform System of Citation* 8 (14th ed 1986). The Court of Appeals, in its decision in this case, interpreted that reference as reliance on *Berger,* correctly quoting *Berger* for espousing the two-issue rule: If one count is supported and one count is unsupported, the verdict stands. It is questionable whether the opinion in *Byers* follows from the opinion in *Berger.* Nevertheless, the decision in *Byers* was correct, for the reasons previously stated.

Neither *Byers,* nor the Court of Appeals' opinion in this case, mentions the contrary rule announced over three decades ago by this court and most recently followed in *Pavlik v. Albertson's, Inc., supra,* 253 Or at 375, discussed above. If the court cannot determine whether the verdict was based on an allegation supported by the evidence or on one unsupported by the evidence, the result is a new trial. In light of our long-standing precedent, we decline to adopt a different rule at this time.[10]

■    To avail oneself of the *Pavlik* rule, a party must have taken some action at trial to remove the unsupported allegation from the jury's purview. The rationale for this proposition is "the general rule of appellate procedure that an appellate court will not consider a question on appeal unless it has been first presented to and ruled upon by the lower court." *Falk v. Amsberry,* 290 Or 839, 843, 626 P2d 362 (1981). The preferred method to raise the issue is a "proper request for a

---

[10] In the future, a careful practitioner may wish to guard against an untoward outcome were this court to retreat from the *Pavlik* rule. *Pavlik v. Albertson's, Inc.,* 253 Or 370, 454 P2d 852 (1969). Through the use of a special verdict, ORCP 61 B, or by the use of a general verdict accompanied by answers to interrogatories, ORCP 61 C, the trial and appellate courts would be able to determine if the jury verdict were based on an allegation supported by the evidence. *See McCord v. Maguire,* 873 F2d 1271 (9th Cir 1989).

suitable peremptory instruction to the jury on each of the elements [or allegations] on which the claimant believes it is entitled to prevail as a matter of law." *NW Pac. Indem. v. Junction City Water Dist.,* 296 Or 365, 372 n 1, 677 P2d 671 (1984). We assume that the common practice of a motion to withdraw issues from the jury's consideration *(Dickson v. Hollinger,* 257 Or 89, 93, 476 P2d 557 (1970)) has survived the enactment of the Oregon Rules of Civil Procedure as another effective means of raising the issue to the trial court.

Because a motion for directed verdict against a party's entire case is properly denied if *any* allegation is supported by the evidence, *see Murphy v. Harty,* 238 Or 228, 247, 393 P2d 206 (1964), such blanket motions are insufficient as a predicate to invoking the *Pavlik* rule upon review. Further, this court has observed that "[a] motion for a directed verdict is not the proper vehicle for asking the trial court to decide as a matter of law that the movant is entitled to prevail on less than all of the elements of a claim." *NW Pac. Indem. v. Junction City Water Dist., supra,* 296 Or at 372 n 1.

## IV. DISPOSITION

Because there was evidence to support one allegation of negligence, the trial court erred in granting the motion for judgment notwithstanding the verdict.

We agree with the Court of Appeals and the trial court that there was no evidence to support two of the allegations of negligence that were submitted to the jury. Before the case went to the jury, defendants moved to withdraw[11] those two allegations on the ground that there was no evidence to support them. The trial court should have withdrawn them, and, therefore, erred in failing to do so.

That does not, however, end our labors. ORCP 63 C provides:

"A motion in the alternative for a new trial may be joined

---

[11] At the close of plaintiff's case, defendants initially moved for a directed verdict "on the entire case." The motion was denied. Defendants then proceeded with specific motions to strike the various allegations. At the suggestion of the trial court, defendants phrased subsequent motions as motions for directed verdict. *But see NW Pac. Indem. v. Junction City Water Dist.,* 296 Or 365, 372 n 1, 677 P2d 671 (1984). However phrased, it is clear from the record that the issues in question were presented to the trial court and ruled upon.

with a motion for judgment notwithstanding the verdict, and unless so joined shall, in the event that a motion for judgment notwithstanding the verdict is filed, be deemed waived. When both motions are filed, the motion for judgment notwithstanding the verdict shall have precedence over the motion for a new trial, and if granted the court shall, nevertheless, rule on the motion for a new trial and assign such reasons therefor as would apply had the motion for judgment notwithstanding the verdict been denied * * *."

The trial judge did not, as contemplated by ORCP 63 C, "rule on the motion for a new trial." We must, therefore, consider whether the alternative motion for a new trial should have been granted.

Had the trial court ruled on the alternative motion for a new trial, it is clear that that motion should have been granted. *Pavlik v. Albertson's, Inc., supra.* Consistent with ORCP 63 C, we therefore order a new trial.

The decision of the Court of Appeals is reversed in part. Order allowing defendants' motion for judgment notwithstanding the verdict and judgment based thereon regarding plaintiff's claims involving Dr. Porter, reversed and remanded to the circuit court for new trial, otherwise affirmed.