Argued and submitted December 9, 1991, reversed and remanded for
redetermination of damages July 8, 1992

Mervin A. SMITH,
Receiver for the Heinze Family Partnership;
Larry Cave and Deborah Cave,
*Respondents,*

*v.*

A. Martin NYGAARD
and Donald T. Kelly,
*Appellants.*

(CC-89-2118; CA A67107)

834 P2d 487

Thomas W. Sondag, Portland, argued the cause for appellants. With him on the briefs were Dan Van Thiel, Astoria, and Jeffrey M. Batchelor and Lane Powell Spears Lubersky, Portland.

Thomas Martin, Jr., Tualatin, argued the cause for respondents. With him on the brief were Ron Reinebach, Astoria, and Martin, Elliott & Long, Tualatin.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Plaintiffs brought this timber trespass action against defendants, and defendants counterclaimed for timber trespass against plaintiffs. The jury found that both sides had committed timber trespass on the other's property. Defendants appeal. Their sole assignment of error is that the court erred by denying the part of their motion for a directed verdict seeking to have plaintiffs' claim for damages for the cost of removing felled timber withdrawn from the jury.

■ Plaintiffs do not disagree that it would have been error to submit that claim to the jury. They argue, however, that the court did grant the part of the motion in question and that the issue was not sent to the jury. According to plaintiffs:

> "*In regard to the claim for the cost of removing felled timber*, the court remarked: 'There was no proof of it, so there's no item there for the jury to consider. To that extent, the motion is allowed.' " (Emphasis supplied.)

We read the record differently. The court's language that plaintiffs quote, together with its context, is:

> "I've interpreted paragraph four of this complaint *as to that particular allegation of diminution in market value as something in addition to the stumpage value*. There was no proof of it, so there's no item there for the jury to consider. To that extent, the motion is allowed. *The rest of it is denied.*" (Emphasis supplied.)

We conclude that the trial court erred in the way that defendants maintain.

■ Plaintiffs argue that, even if the court did err, it does not require reversal because, even without the claim that should have been stricken, there was ample evidence in connection with other items of damages to support the jury's total award. However, the question is whether we can ascertain from the jury's verdict that no amount attributable to the improperly submitted claim was included in the award. We cannot. A remand on the issue of plaintiff's damages is necessary. *See Whinston v. Kaiser Foundation Hospital*, 309 Or 350, 788 P2d 428 (1990).[1]

Reversed and remanded for redetermination of plaintiffs' damages and entry of appropriate judgment.

---

[1] The parties' other arguments do not require discussion.