Argued and submitted May 1, affirmed June 5, Kendricks' reconsideration and Mychal Thompson Enterprises' reconsideration denied August 7, both petitions for review denied September 24, 1991 (312 Or 150)

Marvin KENDRICKS,
*Appellant - Cross-Respondent,*

*v.*

MYCHAL THOMPSON ENTERPRISES, INC.,
*Respondent - Cross-Appellant,*

Mychal THOMPSON,
*Defendant.*

(A8507-04208; CA A49954)

812 P2d 38

George W. Kelly, Eugene, argued the cause and filed the briefs for appellant - cross-respondent.

Terrence Kay, Salem, argued the cause for respondent - cross-appellant. With him on the briefs were Terrence Kay, P.C., Salem, Gary J. Lekas and Gary J. Lekas, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff appeals from the judgment for defendant[1] entered on the jury's verdict in this contract action. He makes three assignments of error. The first and second challenge the trial court's refusal to give requested jury instructions pursuant to ORS 10.095(3) and (4):

> "The jury, subject to the control of the court, in the cases specified by statute, are the judges of the effect or value of evidence addressed to them, except when it is thereby declared to be conclusive. They are, however, to be instructed by the court on all proper occasions:
>
> "* * * * *
>
> "(3) That a witness false in one part of the testimony of the witness is to be distrusted in others;
>
> "(4) That the testimony of an accomplice ought to be viewed with distrust, and the oral admissions of a party with caution."

Defendant answers, *inter alia,* that the instructions as a whole amply apprised the jury that it was its responsibility to "weigh and evaluate the evidence" and to assess the believability of witnesses. Hence, defendant argues, any error in the refusal to give the requested instructions was harmless. We agree. The court's instructions clearly conveyed to the jury all that it had to know about how to evaluate the witnesses and the evidence. Even assuming that giving the requested instructions would have been proper in this case or any other, *see State v. Long,* 106 Or App 389, 396, 807 P2d 815 (1991) (Joseph, C. J., specially concurring), the refusal to give them was manifestly nonprejudicial.

In his third assignment, plaintiff argues that the court erred by allowing defendant to amend its answer at trial to add the defense of rescission. Defendant had introduced evidence to support the defense, without objection from plaintiff, and the amendment was allowed to conform to the proof. On several earlier occasions before and during trial, the court had rejected defendant's efforts to add the rescission defense to its pleading. In allowing the amendment, the court reminded plaintiff's counsel that it had tried to advise him

---

[1] The action was dismissed as to Mychal Thompson, and he is not a party to the appeal. "Defendant" in this opinion refers to Mychal Thompson Enterprises, Inc.

that the evidence of rescission was inadmissible under the pleadings, that it had asked counsel to approach the bench to reiterate that point and "I was sitting here, expecting you to object [to defendant's evidence of rescission], but you did not."

Plaintiff contends:

"Defendant, on four prior occasions, had vehemently argued for the amendment, and on all four occasions, had been denied. It had therefore been established, beyond any doubt, that the amendment would not and could not be made. Plaintiff had a right to rely on that fact, and properly should have felt free not to object to evidence of a rescission. He properly should have felt secure in the knowledge that the evidence could not be made relevant to the case. It was therefore an abuse of discretion for the trial court to ignore its four prior rulings and allow the amendment to be made."

No principle of reliance of which we are aware or for which plaintiff offers authority excuses a party from objecting to evidence that is outside the scope of the pleadings or makes evidence that has been introduced without objection unavailable as a basis for an amendment to conform to the proof under ORCP 23B. The court did not err.

In its cross-appeal, defendant assigns error to the striking of an amended answer and affirmative defenses and to the denial of its motion for a directed verdict. Our disposition of the appeal makes those assignments moot.

Affirmed on appeal and on cross-appeal.