Argued and submitted June 4; decision of Court of Appeals reversed, and case remanded to Court of Appeals for further proceedings December 12, 2019

KEITH KENDON OGLE,
*Petitioner on Review,*

*v.*

Mark NOOTH,
Superintendent,
Snake River Correctional Institution,
*Respondent on Review.*

(CC 10108394P) (CA A160243) (SC S066175)

453 P3d 1274

In a post-conviction case, the post-conviction court granted petitioner relief on the ground that, in the underlying criminal case, petitioner's defense counsel failed to provide adequate and effective representation because he failed to employ an investigator and that failure prejudiced petitioner. The Court of Appeals reversed, holding that the post-conviction court had erred because it granted petitioner relief on a basis that petitioner had not alleged in his post-conviction petition. In doing so, the Court of Appeals relied on a post-conviction statute, ORS 138.550(3), and its cases interpreting that statute, for the proposition that any ground for relief that is not alleged in a petition is deemed waived. *Held*: (1) The Oregon Rules of Civil Procedure apply to post-conviction proceedings except when they are incompatible with the post-conviction statutes, and ORCP 23 B directs courts to consider unpleaded issues that are tried by express or implied consent; (2) the Court of Appeals erred in concluding that ORS 138.550(3) required waiver of claims not contained in the post-conviction petition, because that statute addresses res judicata and only applies when a petitioner omits a claim from one post-conviction case and attempts to present that claim in a later post-conviction case; (3) because the parties had fully litigated the unpleaded ground on evidence that had been introduced without objection, the unpleaded ground had been tried by implied consent, and ORCP 23 B allowed the post-conviction court to grant relief on that ground.

The decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings.

En Banc

On review from the Court of Appeals.*

Jason Weber, O'Connor Weber LLC, Portland, argued the cause and filed the briefs for petitioner on review.

_____

* Appeal from Malheur County Circuit Court, William M. Horner, Judge. 292 Or App 387, 424 P3d 759 (2018).

Jordan R. Silk, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

DUNCAN, J.

The decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings.

## DUNCAN, J.

In this post-conviction case, the post-conviction court granted petitioner relief on the ground that, in the underlying criminal case, petitioner's defense counsel failed to provide adequate and effective representation because he failed to employ an investigator and that failure prejudiced petitioner. The Court of Appeals reversed, holding that the post-conviction court had erred because it granted petitioner relief on a basis that petitioner had not alleged in his post-conviction petition. *Ogle v. Nooth*, 292 Or App 387, 424 P3d 759 (2018). In doing so, the Court of Appeals relied on a post-conviction statute, ORS 138.550(3), and its cases interpreting that statute, for the proposition that any ground for relief that is not alleged in a petition is deemed waived.

For the reasons explained below, we conclude that the Court of Appeals erred in relying on ORS 138.550(3). That provision is a *res judicata* provision. It governs the effect of a post-conviction proceeding on a subsequent post-conviction proceeding. It does not preclude a post-conviction court from addressing an unpleaded ground for relief within a single post-conviction case. Whether a court can address an unpleaded ground for relief is governed by the Oregon Rules of Civil Procedure, and ORCP 23 B allows a court to address an unpleaded ground if it has been tried by express or implied consent.

Here, the parties dispute (1) whether petitioner's post-conviction petition encompassed the basis on which the post-conviction court granted relief and (2), if it did not, whether the post-conviction court could grant relief on that basis anyway because the parties litigated it. For the reasons explained below, we need not resolve the parties' first dispute because, even if the petition did not encompass the basis on which the post-conviction court granted relief, the court could consider that basis because the parties had litigated it. Therefore, we reverse the decision of the Court of Appeals and remand to that court for further proceedings.

## I.   HISTORICAL AND PROCEDURAL FACTS

### A.   *Underlying Criminal Case*

In the underlying criminal case, the state charged petitioner with multiple crimes, including second-degree assault for hitting the complaining witness, SE. The state based the assault charge on evidence that petitioner had hit SE while they were in an apartment with another person, Parker. Petitioner admitted that he had hit SE but contended that he had done so in self-defense. He claimed that, during the incident at issue, SE had hit him repeatedly and he had hit her once to get her to stop.

Petitioner was represented by defense counsel. Defense counsel did not hire an investigator to investigate petitioner's self-defense claim.

Defense counsel subpoenaed Parker to testify at petitioner's jury trial. In his opening statement, defense counsel told the jury that Parker's testimony would be "consistent with what she told police," which, according to defense counsel, was that she had been in the apartment's bathroom when petitioner and SE started fighting and, when she came out, she saw SE hitting petitioner and then saw petitioner hit SE once to get her to stop. But, Parker did not testify as defense counsel said she would. Instead, she testified that, when she came out of the bathroom, SE was hitting petitioner and saying that he had hit her. Parker denied that petitioner had hit SE to make her stop hitting him, and she denied telling the police that he had done so. The jury found petitioner guilty of all charges, rejecting his self-defense claim.

### B.   *Post-Conviction Proceedings*

Petitioner filed a petition for post-conviction relief. The petition was later amended, and the operative petition in this case is the second amended petition.[1]

---

[1] Petitioner filed his initial post-conviction petition himself. Thereafter, the post-conviction court appointed counsel to represent petitioner, and counsel amended the petition. The superintendent moved to dismiss that petition on the ground it did not comply with the requirement, established by ORS 138.580, that supporting documents be attached to post-conviction petitions. The post-conviction court dismissed the petition, and petitioner appealed. This court

In the second amended petition, petitioner sought relief pursuant to ORS 138.530, which provides, in part, that a post-conviction court shall grant a petitioner relief if the petitioner establishes that, in the underlying criminal case, there was a "substantial denial" of his or her constitutional rights and that the denial rendered his or her conviction "void." Petitioner alleged that he was entitled to relief because his right to counsel, under both Article I, section 11, of the Oregon Constitution, and the Sixth Amendment of the United States Constitution, had been violated. Specifically, petitioner alleged that defense counsel had failed to provide constitutionally adequate and effective representation in three ways: by failing to employ an investigator, by failing to object to vouching by the prosecutor, and by failing to prepare petitioner to testify. Petitioner further alleged that each of the failures prejudiced his defense. *See Johnson v. Premo*, 361 Or 688, 699-700, 399 P3d 431 (2017) (stating that, to be entitled to post-conviction relief based on a violation of the right to counsel, under either the state or federal constitution, "a petitioner must show that counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result").

Regarding defense counsel's failure to employ an investigator, petitioner alleged that his "central defense was a claim of self-defense," and that defense counsel "failed to employ an investigator to investigate the charges pending against petitioner or to support his claim of self-defense." He further alleged that, as a result of defense counsel's failure to employ an investigator, his claim of self-defense "was left unsupported." In addition, petitioner identified one way that employing an investigator would have benefitted his case, asserting that, "[h]ad trial counsel employed an investigator, he would have learned there were at least two available fact witnesses, [petitioner's parents, the Ogles], who observed petitioner after the incident *** and would have testified he complained of a broken rib as a result of the

reversed the dismissal in part and remanded the case to the post-conviction court. *Ogle v. Nooth*, 355 Or 570, 330 P3d 572 (2014). New post-conviction counsel was appointed, and that counsel filed the second amended petition, which is the petition at issue on review.

fight," which would have supported petitioner's claim that SE had hit him.

The case proceeded to discovery, and defense counsel was deposed. During his deposition, defense counsel testified that, before petitioner's criminal trial, he knew that Parker had witnessed part of the incident and had made a statement to the police about it. Defense counsel acknowledged that a witness's testimony may vary from his or her prior statements and that hiring an investigator is useful because, if a witness changes his or her statement, the investigator can be called to impeach the witness. But defense counsel did not hire an investigator to interview Parker, even though he subpoenaed her to testify at trial and relied on her statement to the police when he made his opening statement to the jury.

After discovery, petitioner filed a trial memorandum. In connection with his claim that defense counsel had failed to hire an investigator, petitioner reasserted that, if defense counsel had hired an investigator, "he would have learned that there were at least two available fact witnesses" to petitioner's injuries sustained in the fight with the alleged victim, specifically, the Ogles. In addition, he asserted that defense counsel should have had an investigator interview Parker "to preserve her statement and ensure defense [counsel] was knowledgeable about her testimony," and that, if defense counsel had done so, he "could have avoided an appearance of ignorance of the case before the jury, which also had a tendency to affect the prosecution against petitioner."

Petitioner filed his trial memorandum approximately one month before trial. On the same day, he filed exhibits in support of his allegation that defense counsel's representation had been inadequate and had prejudiced him, including a declaration from Parker in support of his assertion that defense counsel's failure to employ an investigator was prejudicial because it adversely affected defense counsel's use of Parker as a witness.

The superintendent filed a trial memorandum in response. The superintendent did not dispute that defense counsel had failed to hire an investigator to investigate

petitioner's self-defense claim. Nor did he dispute that defense counsel's opening statement was inconsistent with Parker's testimony. But, he argued that the post-conviction court "should deny the allegation that [defense counsel] was inadequate for not hiring an investigator to question Ms. Parker," because petitioner had not included that allegation in the second amended petition. In support of that argument, the superintendent cited a post-conviction statute, ORS 138.550(3), and Court of Appeals cases interpreting it, including *Bowen v. Johnson*, 166 Or App 89, 999 P2d 1159, *rev den*, 330 Or 553 (2000), and *Leyva-Grave-De-Peralta v. Blacketter*, 232 Or App 441, 223 P3d 411 (2009), *rev den*, 348 Or 114 (2010), for the proposition that any ground for relief that is not alleged in the operative petition is deemed waived.

The superintendent also argued that, if the post-conviction court considered the Parker issue, it should reject it on the merits. He predicted that, at the upcoming trial, petitioner would not be able to prove that defense counsel's failure to hire an investigator to interview Parker was prejudicial. Thus, the superintendent addressed the merits of the issue. He did not seek a continuance to conduct additional discovery, nor did he identify any way in which he would be prejudiced if the court considered the issue.

The case proceeded to trial. At the outset of trial, the parties and the court discussed the exhibits that the parties had submitted. The superintendent objected to some of petitioner's exhibits, but he did not object to those relating to the Parker issue, which included Parker's declaration. The parties argued the case to the court, and each addressed the merits of the Parker issue.

The post-conviction court granted petitioner relief on the ground that defense counsel's failure to hire an investigator constituted ineffective representation and prejudiced petitioner. Regarding prejudice, the court concluded that defense counsel's failure to hire an investigator adversely affected defense counsel's use of Parker as a witness. The court noted that, as defense counsel had acknowledged in his deposition, having an investigator interview a witness is useful because, if the witness says something contrary to

his or her prior statement, the investigator can be called to impeach the witness. The court observed that, in his opening statement, defense counsel "sort of commit[ted]" to Parker's statement to the police, but that Parker "went away" from that statement in her testimony, which almost "completely destroy[ed] any self-defense." According to the court, "[a]n investigator would have been able to provide [defense counsel] with information that should have prevented the embarrassment of having [Parker] testify at odds with what [defense counsel] had told the jury she was going to say." The court granted petitioner's petition "as to [the] claim of failing to hire an investigator." It denied his other claims relating to the failure to object to vouching by the prosecutor and the failure to prepare petitioner to testify.

C.   *Court of Appeals Proceedings*

The superintendent appealed, raising two assignments of error. In his first assignment of error, he asserted that the post-conviction court had erred by granting relief "on a ground not alleged in petitioner's second amended petition." As he had in the post-conviction court, the superintendent relied on ORS 138.550(3), and the Court of Appeals cases construing it, for the proposition that a post-conviction court cannot grant relief on an unpleaded ground. In his second assignment of error, the superintendent asserted, in the alternative, that the post-conviction court had erred by granting relief because "petitioner failed to establish prejudice."

Petitioner defended the post-conviction court's judgment in his favor. In response to the superintendent's first assignment of error, petitioner argued that the post-conviction court had "granted relief on the ground raised in the petition, failure to investigate." According to petitioner, the basis for relief remained the same, even though the court relied on a different theory of prejudice than that alleged in the petition. Additionally, petitioner argued that the superintendent had notice of the Parker issue because petitioner's trial memorandum "made clear that the failure to investigate impacted several witnesses' testimony, including Parker's trial testimony." Petitioner further argued that the parties had litigated the Parker issue, and

the superintendent had never suggested, either at trial or on appeal, that he was prejudiced by the litigation of the issue. Therefore, petitioner contended, "the outcome of the proceedings would not have been any different if petitioner had been required to file an amended petition."

In response to the superintendent's second assignment of error, petitioner argued that defense counsel's failure to employ an investigator had prejudiced him because, as the post-conviction court had found, it adversely affected his use of Parker as a witness to support petitioner's claim of self-defense.

The Court of Appeals agreed with the superintendent's first assignment of error. First, relying on *Bowen* and *Leyva-Grave-De-Peralta*, the court reiterated its rule that "a post-conviction court may grant relief only on a basis that the petition alleges." 292 Or App at 391. Then, it turned to the question of whether petitioner's second amended petition alleged the basis on which the post-conviction court granted relief. To resolve that question, it again looked to *Leyva-Grave-De-Peralta*. In that case, the court had held that "a post-conviction court errs if it grants relief on a basis that 'require[s] different proof and different legal analysis.'" *Id*. (alteration in original; quoting *Leyva-Grave-De-Peralta*, 232 Or App at 453). Applying that test, the Court of Appeals concluded that the post-conviction court had erred because

> "factually, the focus of [petitioner's second amended petition] was on the alleged failure to investigate and potentially *discover* witnesses who could help substantiate petitioner's self-defense claim; the court's basis for relief, however, focused on how additional investigation—and, in particular, how having an investigator interview Parker, a *known* witness under subpoena—might have better prepared counsel for trial and allowed him to avoid the potential embarrassment of being contradicted by a witness central to petitioner's defense."

*Ogle*, 292 Or App at 393-94 (emphases in original).

Having concluded that the Parker issue was not within the scope of the second amended petition, the Court of Appeals turned to petitioner's argument that his trial memorandum put the superintendent on notice of the Parker

issue and, therefore, that the superintendent was not prejudiced in his ability to prepare for and address that issue. The court rejected that argument, reasoning that, because petitioner could have moved to amend the petition, it was "immaterial that the superintendent was on notice" of the Parker issue. 292 Or App at 395. Thus, the court concluded that, because petitioner had not included the Parker issue in his petition, he had waived it, and the post-conviction court could not grant relief based on it, even though the parties had litigated it and the superintendent had not identified any way that litigating it had prejudiced him.

Because the Court of Appeals agreed with the superintendent's first assignment of error (that the post-conviction court should not have considered the Parker issue), it did not address the superintendent's second assignment of error (that the post-conviction court erred in concluding that defense counsel's failure to employ an investigator prejudiced petitioner).

Petitioner petitioned this court for review, which we allowed to identify the pleading requirements for post-conviction petitions, in particular, whether ORS 138.550(3) precludes a post-conviction court from granting relief on an unpleaded issue, even if it has been litigated.

## II.  ANALYSIS

On review, the first question is what pleading rules apply in post-conviction relief cases, and the second question is whether, under those rules, the post-conviction court erred in granting petitioner relief. We begin with a discussion of the applicable rules.

### A.   *The Pleading Rules for Post-Conviction Cases*

#### 1.   *The ORCPs*

The ORCPs apply in civil cases; ORCP 1 A provides that the rules

> "govern procedure and practice in all circuit courts of this state, except in the small claims department of circuit courts, for all civil actions and special proceedings whether cognizable as cases at law, in equity, or of statutory origin

except where a different procedure is specified by statute or rule."

Thus, the ORCPs apply in all civil cases, except small claims cases, unless a different procedure is specified by statute or rule. Post-conviction cases are civil actions of statutory origin. Accordingly, this court has held that the ORCPs apply in post-conviction cases, unless the post-conviction statutes provide otherwise. *Young v. Hill*, 347 Or 165, 171, 218 P3d 125 (2009) (citing *Mueller v. Benning*, 314 Or 615, 621 n 6, 841 P2d 640 (1992)).

The ORCPs include rules that govern the content and construction of pleadings. ORCP 18 A provides that "[a] pleading which asserts a claim for relief *** shall contain *** [a] plain and concise statement of the ultimate facts constituting a claim for relief without unnecessary repetition." Under ORCP 18 A, a party must plead facts which, "if proved, will establish the right to recover." *Davis v. Tyee Industries, Inc.*, 295 Or 467, 479, 668 P2d 1186 (1983). ORCP 12 governs how pleadings shall be construed and how courts shall respond to pleading errors and defects. ORCP 12 A provides that "[a]ll pleadings shall be liberally construed with a view of substantial justice between the parties." ORCP 12 B provides that "[t]he court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party." Together, ORCP 18 A and ORCP 12 reflect the view that the purpose of pleadings is to facilitate fair litigation of the merits of claims. Pleadings serve that purpose by providing notice of the issues to be addressed. As this court has explained,

> "'The purpose of requiring an exchange of pleadings is not to produce perfection in the statement of the issue but only to bring forth into the light the points that are in dispute. When those points are sufficiently revealed so that the opponent is apprised of what he must meet and the trial judge is given sufficient information so that he can rule advisedly during the progress of the trial, the pleadings have performed their function.'"

*Adams v. Oregon State Police*, 289 Or 233, 240-41, 611 P2d 1153 (1980) (quoting *Perkins v. Standard Oil Co.*, 235 Or

7, 19, 383 P2d 107, *modification den*, 235 Or 22, 383 P2d 1002 (1963)); *see also Marsh v. Walters*, 242 Or 210, 214, 408 P2d 929 (1965) ("[T]he modern view of the function of pleadings is that the court should allow reasonable latitude in order to reach a decision on the merits whenever it is possible to do so without prejudice to the substantive rights of a party.").

If a claim for relief is not included in a pleading, it can be added pursuant to ORCP 23. ORCP 23 A provides, among other things, that a party can amend a pleading once as a matter of course before a responsive pleading is filed and, thereafter, with leave of the court or written consent of the adverse party. ORCP 23 B concerns issues not raised by the pleadings, and it provides:

> "*When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.* Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. *If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice such party in maintaining an action or defense upon the merits.* The court may grant a continuance to enable the objecting party to meet such evidence."

(Emphases added.) Thus, under ORCP 23 B, if an unpleaded issue is tried by express or implied consent, the issue shall be treated as if it had been pleaded. In effect, the pleading is automatically amended; a formal motion to be amend may be made but is not required. If, however, the adverse party objects to evidence offered to prove an unpleaded issue, the pleading is not automatically amended, but the court may allow it to be amended if "the presentation of the merits of the action will be subserved" and the adverse party "fails to satisfy the court that the admission of such evidence would prejudice" it.

To summarize, the ORCPs include rules that govern pleadings, and those rules establish that (1) a pleading shall allege ultimate facts, ORCP 18 A; (2) when determining whether a pleading is sufficient, the pleading shall be liberally construed with a view of substantial justice between the parties, ORCP 12 A, and the court shall disregard any pleading error or defect that does not affect the substantial rights of the adverse party, ORCP 12 B; and (3) a pleading may be amended to include a previously unpleaded issue, ORCP 23 A and ORCP 23 B, and, if an unpleaded issue is tried by express or implied consent, the pleading is, in effect, automatically amended to include that issue, ORCP 23 B.

### 2.  *The post-conviction statutes concerning pleadings*

The post-conviction statutes include provisions related to pleadings, and, to the extent that they are incompatible with the ORCPs concerning pleadings, they control. ORCP 1 A (the ORCPs apply in civil cases except where a statute or rule provides otherwise); *Young*, 347 Or at 171 (so stating for post-conviction cases); *see State v. Pearson*, 250 Or 54, 58, 440 P2d 229 (1968) (ruling that, when one statute deals with a subject in general terms and another deals with the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view toward giving effect to a consistent legislative policy). But the post-conviction pleading statutes are not incompatible with the ORCPs; as explained below, they establish the same basic requirements for the content and construction of pleadings as the ORCPs.

ORS 138.580 is the primary post-conviction statute concerning the content of petitions. It provides, in part, that a petitioner must file a petition "set[ting] forth specifically the grounds upon which relief is claimed and * * * stat[ing] clearly the relief desired." Thus, ORS 138.580 is similar to ORCP 18 A, which requires "a plain and concise statement of the ultimate facts constituting a claim for relief," and this court has held that ORS 138.580 and ORCP 18 A impose the same basic specificity requirement for pleadings. *Young*, 347 Or at 171 (applying the general civil pleading requirement—that one must "allege the factual basis for a

claim for relief, not just the general legal theory on which the party is proceeding"—to a post-conviction petition).

Another post-conviction statute, ORS 138.525, provides that a post-conviction court may enter a judgment dismissing a "meritless petition" and that a "meritless petition" is "one that, when liberally construed, fails to state a claim upon which post-conviction relief may be granted." That language is similar to that in ORCP 21 A(8), which provides for dismissals of pleadings that "fail[] to state ultimate facts sufficient to constitute a claim," and it echoes ORCP 12 A, which provides that pleadings "shall be liberally construed." Thus, ORS 138.525 indicates that the specificity requirement for post-conviction petitions is the same as for other civil pleadings and that, like other civil pleadings, post-conviction petitions shall be liberally construed. *Young*, 347 Or at 171 (equating ORS 138.525(2) and ORCP 21 A(8)); *Mueller*, 314 Or at 621, 621 n 6 (noting that ORCP 1 "provides that the rules of civil procedure are broadly applicable" and applying ORCP 12's liberal construction requirement to construe a habeas corpus petition as a post-conviction petition).

The post-conviction statutes also include a statute providing for the amendment of petitions: ORS 138.610. It states that a post-conviction court "may make appropriate orders as to the amendment of the petition or any other pleading." It is a general authorization and is compatible with ORCP 23.

Nothing about the post-conviction pleading statutes just mentioned—ORS 138.580, ORS 138.525, and ORS 138.610—indicates that the ORCPs do not apply to post-conviction petitions. To the contrary, the statutes indicate that, like other civil pleadings, post-conviction petitions must allege ultimate facts, are to be liberally construed, and may be amended.

The Court of Appeals has construed another post-conviction statute, ORS 138.550(3), as a pleading statute. Relying on that statute, it has ruled that any ground for relief that is not raised in a petition is deemed waived and, therefore, cannot be the basis for relief, even if it is litigated, as in this case. *See, e.g., Leyva-Grave-De-Peralta*, 232 Or App at 448-50.

Petitioner argues that the Court of Appeals has misconstrued ORS 138.550(3). He asserts that ORS 138.550(3) is a *res judicata* statute. According to petitioner, ORS 138.550(3) concerns the effect that failure to raise a ground for relief in one post-conviction case has on a subsequent post-conviction case; it does not preclude application of the ORCPs that govern pleadings. For the reasons explained below, we agree with petitioner and conclude that the Court of Appeals has erred in relying in ORS 138.550(3) when determining whether, within a single post-conviction case, a post-conviction court can grant relief on a particular basis.

To interpret ORS 138.550(3), we use our familiar methodology, looking first to the text and context of the statute and then to any useful legislative history. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). ORS 138.550(3) provides:

"The effect of prior judicial proceedings concerning the conviction of petitioner which is challenged in the petition shall be as specified in this section and not otherwise:

"* * * * *

"(3)   All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition. However, any prior petition or amended petition which was withdrawn prior to the entry of judgment by leave of the court, as provided in ORS 138.610, shall have no effect on petitioner's right to bring a subsequent petition."

Subsection (3) does provide for waiver of claims that are not alleged in the original or amended petition. But the exception makes it clear that the waiver applies only to future post-conviction petitions: If "the court *on hearing a subsequent petition*" concludes that the grounds for relief could not reasonably have been raised in the "original or amended petition," then they are not waived. (A "subsequent petition" is not an "amended petition," which is separately described in the same sentence.)

The last sentence of ORS 138.550(3) gives additional textual confirmation that waiver applies only to a future post-conviction proceeding. In creating an additional exception to waiver, that sentence states that there is no waiver if the "prior petition or amended petition \* \* \* was withdrawn prior to the entry of judgment." Waiver thus applies after the post-conviction proceeding has concluded.

Nothing about the text suggests the opposite conclusion—that the failure to include a claim for relief in the petition waives the claim *as to that post-conviction case*. Indeed, the statutory reference to both "original [and] amended petition[s]" signals that the statute does not address pleading within a single post-conviction case, but instead speaks to the relationship between successive post-conviction cases.

Statutory context also supports our conclusion that ORS 138.550(3) applies only to subsequent post-conviction cases. ORS 138.550 as a whole addresses the relationship between prior proceedings and later proceedings. The introductory sentence of the statute states that the statute concerns "[t]he effect of prior judicial proceedings concerning the conviction of petitioner." Subsections (1) and (2) address the relationship between the direct appeal of a criminal conviction and the post-conviction case.[2] Subsection (3), as we noted, addresses the effect of one post-conviction proceeding on a future post-conviction proceeding. Finally, subsection (4) addresses the effect of post-conviction petitions that had been filed prior to the post-conviction statute becoming effective in 1959.[3]

---

[2] Those subsections provide, in part:

"(1) The failure of petitioner to have sought appellate review of the conviction, or to have raised matters alleged in the petition at the trial of the petitioner, shall not affect the availability of relief under [the post-conviction statutes]. \* \* \*

"(2) When the petitioner sought and obtained direct appellate review of the conviction and sentence of the petitioner, no ground for relief may be asserted by petitioner in a petition for relief under [the post-conviction statutes] unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding. \* \* \*"

[3] That subsection provides, in part:

"(4) Except as otherwise provided in this subsection, no ground for relief under [the post-conviction statutes] claimed by petitioner may be

Our case law and the legislative history also support the conclusion that ORS 138.550(3) applies only to subsequent post-conviction petitions. This court has reviewed the legislative history and concluded that ORS 138.550(3) was intended to apply the doctrine of claim preclusion to successive post-conviction petitions. *See Gutale v. State of Oregon*, 364 Or 502, 516, 435 P3d 728 (2019) (ORS 138.550(3) "codifies claim preclusion principles: It addresses the question of whether a petitioner who already has litigated a petition for post-conviction relief may return to court and litigate a second time, and it provides that a petitioner may not do so where counsel raised, or reasonably could have raised, the grounds at issue in that prior litigation"); *Johnson v. Premo*, 355 Or 866, 874-75, 333 P3d 288 (2014) (discussing history of ORS 138.550(3) and explaining that legislature intended to overrule common-law doctrine in habeas corpus that "a decision in one [habeas corpus] case did not bar relitigating the same or similar issues in a subsequent proceeding").

We therefore agree with petitioner that ORS 138.550(3) concerns only successive post-conviction cases. It prohibits a petitioner who omits a claim from one post-conviction case from presenting that claim in a later post-conviction case, unless the petitioner can show that the claim could not reasonably have been raised earlier. But it does not require a court to apply "waiver" within the confines of the same post-conviction case. Therefore, the Court of Appeals has erred in relying on it to hold that, if a petitioner fails to raise a ground for relief in the operative petition in a post-conviction case, the post-conviction court cannot grant relief on that ground in that case.

Because we conclude that ORS 138.550(3) does not govern whether a particular ground for relief can be the basis for relief within a single post-conviction case, we return to the ORCPs to determine whether the post-conviction court erred in granting petitioner relief in this case.

---

asserted when such ground has been asserted in any post-conviction proceeding prior to May 26, 1959, and relief was denied by the court, or when such ground could reasonably have been asserted in the prior proceeding. \*\*\*"

B.  *Whether the Post-Conviction Court Erred in Granting*
    *Petitioner Relief*

On review, the parties disagree about whether peti-
tioner's second amended petition encompassed the basis on
which the post-conviction court granted relief. Petitioner
contends that it did because it alleged that defense counsel
failed to employ an investigator to investigate petitioner's
claim of self-defense and that, as a result, that defense
was left unsupported at trial. The superintendent, on the
other hand, contends that the petition did not encompass
the basis on which the post-conviction court granted relief
because it did not allege that defense counsel's failure to
hire an investigator left his claim of self-defense unsup-
ported because it adversely affected his use of Parker as a
witness.

We need not resolve the parties' dispute regard-
ing whether the second amended petition encompassed the
basis on which the post-conviction court granted relief. That
is because, under ORCP 23 B, if an unpleaded issue is tried
by express or implied consent, the trial court shall treat the
pleading as if it has been amended to include the issue; a for-
mal amendment is not required. Thus, in this case, even if
the second amended petition did not raise the Parker issue,
the post-conviction court could grant relief on the issue, if it
was tried by express or implied consent. The superintendent
did not expressly consent to trial of the issue, so the question
is whether he implicitly consented.

For the purposes of ORCP 23 B, whether an
unpleaded issue has been tried by implied consent depends
on whether the adverse party objected to the admission of
evidence that was clearly directed to the new issue. The text
of ORCP 23 B indicates that; it distinguishes between cases
in which an issue is "tried by express or implied consent"
and cases in which "evidence is objected to at the trial."
Thus, a party's failure to object to evidence that is clearly
directed to a new issue constitutes implicit consent to trial
of that issue. Our decision in *Whinston v. Kaiser Foundation
Hospital*, 309 Or 350, 788 P2d 428 (1990), *overruled in part
on other grounds by Shoup v. Wal-Mart Stores, Inc*, 335 Or
164, 61 P3d 928 (2003), illustrates that.

In *Whinston*, the plaintiff brought a medical malpractice action against multiple defendants, including a Dr. Porter. In his complaint, the plaintiff alleged that Porter "was negligent," in one or more particulars, including "[i]n failing to diagnose [p]laintiff's cirrhosis of the liver." 309 Or at 354. On review, the defendants argued that that allegation was deficient. Specifically, they argued that a "mere failure to diagnose is not negligence" and "is actionable only where is it caused by some departure from standards of due care." *Id.* at 354-55 (internal quotation marks omitted). According to the defendants, the plaintiff should have alleged "*how* Dr. Porter was negligent, *i.e.*, that Dr. Porter failed to perform a 'work-up' conforming to the standard of care." *Id*. at 355 (emphasis in original). They further argued that "[the] plaintiff recognized the deficiency in his pleading, when, during trial, he moved to amend to plead a 'defective work-up.'" *Id*. That motion was denied, but at trial the plaintiff presented evidence that Porter negligently failed to perform a work-up, and the defendants did not object to that evidence. Consequently, this court concluded that, even assuming that the plaintiff's pleading was deficient, it was automatically amended to conform to the new theory and supporting evidence presented at trial. We explained:

> "Even if we assume that defendants are correct in their assertion that plaintiff's pleading is deficient, such assertion will not aid defendants here. The flaw in defendants' argument is that it runs afoul of ORCP 23 B. Under that rule, a party may amend a pleading to conform to the evidence, thus raising an issue not raised by the pleading. A party may also amend to raise an issue 'tried by express or implied consent of the parties.' Moreover, ORCP 23 B provides that failure to amend 'does not affect the result of the trial.' *Thus, a pleading for all practical and legal purposes is automatically amended whenever an issue not raised by the pleading is tried by consent.*
>
> "\*\*\*\*\*
>
> "*By not objecting to [testimony about Porter's failure to perform a work-up], defendants, in the circumstances of this case, effectively consented to the trial of the allegation that Dr. Porter negligently failed to perform a work-up relating to the diagnosis of plaintiff's cirrhosis.*"

*Id.* at 355-56 (emphases added; footnotes omitted). Thus, even when a motion to amend a pleading to include an issue has been denied, if evidence clearly directed to that issue is admitted at trial without objection, the pleading is automatically amended to conform to the evidence.

Similarly, in *Kendricks v. Mychal Thompson Enterprises, Inc.*, 107 Or App 453, 812 P2d 38 (1991), the Court of Appeals held that, if evidence relating to an issue outside the scope of a pleading is admitted without objection, the pleading may be amended to conform to the evidence, even if prior motions to amend had been denied. In *Kendricks*, the defendant made multiple motions to amend its answer to include the defense of recission, but the motions were denied. *Id.* at 455. Then, at trial, the defendant introduced evidence to support the defense, and the plaintiff did not object to that evidence. *Id.* at 455-56. The defendant then moved to amend its answer to conform to the evidence, and the trial court granted that motion. The plaintiff appealed, arguing that, because the defendant's earlier motions to amend its answer had been denied, "[p]laintiff had a right to rely" on the earlier denials and "properly should have felt free not to object to evidence of a recission." *Id.* at 456 (internal quotation marks omitted). The Court of Appeals rejected that argument, stating that "[n]o principle of reliance * * * excuses a party from objecting to evidence that is outside the scope of the pleading or makes evidence that has been introduced without objection unavailable as the basis for an amendment to conform to the proof under ORCP 23 B." *Id.*

Thus, this court has held that, if evidence clearly directed to an issue outside the scope of the pleadings is admitted without objection, the issue has been tried by implied consent and the pleading shall be treated as if it has been amended to conform to that evidence. *Whinston*, 309 Or at 355-56. And, both this court and the Court of Appeals have held that the fact that a motion to amend has been denied does not relieve a party from the obligation to object to evidence. *Id.*; *Kendricks*, 107 Or App at 456.

In this case, the parties fully litigated the Parker issue based on evidence clearly directed to that issue. Petitioner raised the issue in his trial memorandum, which

was filed approximately one month before trial, along with exhibits, including Parker's declaration. In response, the superintendent asserted in his trial memorandum that the post-conviction court could not grant relief based on the Parker issue because petitioner had not alleged it in the second amended petition. But the superintendent did not move to exclude petitioner's evidence regarding the Parker issue, nor did he seek additional time to respond to that issue; instead, he addressed the merits in his trial memorandum. In his reply, petitioner asserted both that the second amended petition encompassed the issue and that the superintendent would not be prejudiced by the court's consideration of it. The case then proceeded to trial. At the outset of trial, the parties and court discussed the exhibits that had been submitted. The superintendent objected to some of petitioner's exhibits, but he did not object to those relating to the Parker issue, including Parker's declaration. Thereafter, the parties argued the case to the court, and each party addressed the merits of the Parker issue.

Thus, at the end of the trial, the post-conviction court was faced with a situation where the parties had had a pretrial disagreement about whether the second amended petition encompassed the Parker issue, with the superintendent asserting that, under ORS 138.550(3), any unpleaded ground for relief is waived. As we have explained, that interpretation of ORS 138.550(3) is incorrect. Then, at trial, the superintendent did not object to evidence clearly directed to the Parker issue and did not identify any way that the court's consideration of the issue would prejudice him. Instead, the superintendent addressed the merits of the issue. In that situation, the post-conviction court did not err in granting petitioner relief based on the Parker issue because, contrary to the superintendent's assertion, the issue was not waived, and, even assuming that it was not within the scope of the petition, it had been tried with the implicit consent of the superintendent. Therefore, under ORCP 23 B, the court could treat the petition as if it has been amended to include the issue.

As we noted previously, in the Court of Appeals, the superintendent raised two assignments of error, asserting

that the post-conviction court erred in considering the Parker issue and, in the alternative, that the post-conviction court erred in granting relief on that issue because, in the superintendent's view, petitioner failed to establish that he was prejudiced by defense counsel's failure to hire an investigator. Because the Court of Appeals agreed with the superintendent's first assignment of error, it did not reach his second. Consequently, we remand this case to the Court of Appeals for consideration of that assignment of error.

The decision of the Court of Appeals is reversed and the case is remanded to the Court of Appeals for further proceedings.