Submitted on remand from the Oregon Supreme Court January 16, 2020, affirmed August 18, 2021

KEITH KENDON OGLE,
*Petitioner-Respondent,*

*v.*

Mark NOOTH,
Superintendent,
Snake River Correctional Institution,
*Defendant-Appellant.*

Malheur County Circuit Court
10108394P; A160243

493 P3d 542

On remand from the Oregon Supreme Court, *Ogle v. Nooth*, 365 Or 771, 453 P3d 1274 (2019).

William M. Horner, Senior Judge.

Jonathan N. Schildt, Assistant Attorney General, argued the cause for appellant. With him on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Jason Weber argued the cause for respondent. With him on the brief was O'Connor Weber LLC.

Before DeHoog, Presiding Judge, and Egan, Chief Judge, and Aoyagi, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

The post-conviction court granted petitioner post-conviction relief on his claim that his trial counsel performed inadequately by failing to hire an investigator to interview a witness before trial. On the superintendent's appeal, we reversed, concluding that petitioner had not properly pleaded the claim on which the post-conviction court had granted relief. *Ogle v. Nooth*, 292 Or App 387, 394, 424 P3d 759 (2018). The Supreme Court disagreed with our conclusion, reversed our decision, and remanded for us to consider the superintendent's second assignment of error, which we did not reach in our first decision. *Ogle v. Nooth*, 365 Or 771, 791-92, 453 P3d 1274 (2019).

Having reviewed the briefing on the second assignment of error, the relevant portions of the record, and the applicable law, we affirm. In doing so, we note that a more detailed discussion of the facts and our analysis in this particular case would not significantly benefit the bench, the bar, or the public.

In his second assignment of error, the superintendent contends that the post-conviction court erred in determining that petitioner was prejudiced by counsel's inadequacy in failing to have an investigator interview, before trial, the only witness to the altercation between petitioner and the victim. We conclude that, given the evidence, viewed in the light most favorable to the post-conviction court's determination that petitioner was prejudiced by counsel's inadequate performance, *see Lichau v. Baldwin*, 333 Or 350, 359, 39 P3d 851 (2002) (citing *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968)), the court correctly concluded that counsel's inadequate performance "could have tended to affect the outcome of the trial." *Green v. Franke*, 357 Or 301, 323, 350 P3d 188 (2015) (internal quotation marks omitted). We therefore affirm.

Affirmed.