Submitted March 4, reversed and remanded August 10, 2022

## In the Matter of the Change of Name of
## David Paul Eaton.

### David Paul EATON,
### *Petitioner-Appellant.*

### Marion County Circuit Court
### 21CV24430; A176428

515 P3d 921

Petitioner appeals from a judgment denying a petition for a simultaneous change of name and legal change of sex. Petitioner asserts, among other arguments, that the trial court erred when it failed to liberally construe the pleadings and when it failed to disregard any error or defect in the pleadings that did not affect the substantial rights of an adverse party when it denied the petition based on its determination that petitioner was requesting only a future name change. *Held*: The pleadings were susceptible to more than one interpretation, including one in which petitioner was expressing a preference as to when the name change took effect rather than requesting only a future name change. Because the pleadings could be understood in a way that did not contemplate only a future change, the trial court erred in failing to liberally construe the pleadings and in subsequently denying the petition based on its construction of the pleadings rather than reaching the merits of the petition.

Reversed and remanded.

Janet A. Klapstein, Judge pro tempore.

David Paul Eaton filed the brief *pro se*.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Reversed and remanded.

**POWERS, J.**

Petitioner appeals from a judgment denying a petition for a simultaneous change of name and legal change of sex under ORS 33.410 and ORS 33.460.[1] Petitioner asserts, among other arguments, that the trial court erred when it failed to liberally construe the pleadings and when it failed to disregard any error or defect in the pleadings that did not affect the substantial rights of an adverse party when it denied the petition based on its determination that petitioner was requesting only a future name change. We conclude that the pleadings are susceptible to more than one interpretation, including one in which petitioner was expressing a preference as to when the name change took effect rather than requesting only a future name change. Thus, as explained below, the trial court erred in dismissing the petition. Accordingly, we reverse and remand for the trial court to consider the merits of the petition for a simultaneous change of name and legal change of sex.

The pertinent facts are procedural and uncontested. Petitioner, who is awaiting trial in a criminal case and is incarcerated, filed a combined petition for a change of name and legal change of sex under ORS 33.410 and ORS 33.460.[2]

---

[1] Although both petitioner and the trial court refer to a legal change of "gender," we use the term "legal change of sex" to be consistent with the text of ORS 33.460, which is set out in full later in the opinion.

[2] ORS 33.410 provides:

"Application for change of name of a person may be heard and determined by the probate court or, if the circuit court is not the probate court, the circuit court if its jurisdiction has been extended to include this section pursuant to ORS 3.275 of the county in which the person resides. The change of name shall be granted by the court unless the court finds that the change is not consistent with the public interest."

ORS 33.460 provides:

"(1) Application for legal change of sex of a person may be heard and determined by any circuit court in this state. A circuit court may order a legal change of sex and enter a judgment indicating the change of sex if the individual attests that the individual has undergone surgical, hormonal or other treatment appropriate for the individual for the purpose of affirming gender identity.

"(2) The court may order a legal change of sex and enter the judgment in the same manner as that provided for change of name of a person under ORS 33.410.

"(3) Application for simultaneous change of name and legal change of sex may be heard and determined by any circuit court in this state. If a person

Acknowledging the pending criminal trial, the petition provided, in part: "[Petitioner] in no way wishes to delay, or otherwise affect [the pending criminal case]. [Petitioner] asks that this name change *** not take effect until [the pending criminal case] is finished in Marion County, if possible." Petitioner also submitted an affidavit supporting the petition for a legal change of sex. The trial court denied the combined petition:

> "Applicant is seeking FUTURE name change, to follow completion of [the pending] trial for murder ***. There is no statutory provision for future name/gender changes, and it is presently unknown when said murder trial will conclude. Applicant may resubmit [the] motion at [an] appropriate future date once [the] trial is completed."

(Capitalization in original.)

On appeal, petitioner raises three assignments of error, contending that the trial court: (1) erred by not applying ORCP 12 A to liberally construe the petition; (2) erred by not applying ORCP 12 B to disregard any errors or defects in the pleadings that did not affect the substantial rights of any adverse party; and (3) plainly erred when it denied petitioner's petition without providing an opportunity to request leave to amend the pleading as allowed by ORCP 23 A. We agree with petitioner's arguments on the first two assignments of error and, therefore, reverse and remand. That conclusion obviates the need to address petitioner's third assignment of error.

The content and construction of civil pleadings are generally governed by the Oregon Rules of Civil Procedure or ORCPs. *Ogle v. Nooth*, 365 Or 771, 781, 453 P3d 1274 (2019). ORCP 12 governs how pleadings shall be construed and how courts shall respond to pleading errors and defects. ORCP 12 A provides that "[a]ll pleadings shall be liberally construed with a view of substantial justice between the parties." ORCP 12 B provides that "[t]he court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial

---

applies for a change of name under ORS 33.410 at the time the person applies for a legal change of sex under this section, the court may order change of name and legal change of sex at the same time and in the same proceeding."

rights of the adverse party." As the Supreme Court has observed, the pleading rules "reflect the view that the purpose of pleadings is to facilitate fair litigation of the merits of claims." *Nooth*, 365 Or at 781 (explaining that ORCP 12 and ORCP 18 A, which pertains to the contents of pleadings that assert a claim for relief, serve that purpose by providing notice of the issues to be addressed).

Petitioner's pleadings—namely that the name change "not take effect until [the pending criminal case] is finished * * *, if possible"—were susceptible to more than one construction. Construed liberally, one such interpretation is that petitioner merely was expressing a preference as to the timing of the name change, rather than requesting a name change only if the name change could take effect in the future. That is, one plausible construction is that the petition was asking if it was "possible" to delay the effect of any change and, assuming it was possible, expressing a preference for a future change. The trial court could have sought clarification of petitioner's intent or construed the petition consistently with ORCP 12 A and 12 B as expressing a preference on the timing. In all events, dismissal without clarifying petitioner's intent or without reaching the merits of the petition was error. Thus, because the pleadings could be understood in a way that did not contemplate only a future change, we conclude that the trial court erred in failing to liberally construe the pleadings and in subsequently denying the petition based on its construction of the pleadings rather than reaching the merits of the petition. Given that petitioner has clarified on appeal that the petition was not insisting on only a future name change, we reverse and remand for the trial court to consider the petition for change of name and legal change of sex on the merits.[3] *See generally Jondle*, 317 Or App 303, 307-18, 506 P3d 480 (2022) (setting

---

[3] After the trial court denied the petition that forms the basis of this appeal, petitioner filed a subsequent petition for a simultaneous change of name and legal change of sex in Marion County Circuit Court Case No. 21CV32897. The trial court denied that petition on the merits and explained that petitioner's legal change of sex was not in the public interest while the criminal trial was pending but did not specifically address petitioner's change of name. Petitioner appealed that judgment, but the appeal was dismissed because it was untimely filed. We leave for the trial court to determine in the first instance what effect, if any, the denial of the petition on the merits in Case No. 21CV32897 has upon this proceeding on remand.

out the standards for evaluating a petition for a simulta-
neous change of name and legal change of sex under ORS
33.410 and ORS 33.460).

Reversed and remanded.