IN THE OREGON TAX COURT
REGULAR DIVISION
Corporation Excise Tax

APPLE INC. AND U.S. SUBSIDIARIES, )
　)
　　　Plaintiffs, ) **TC 5416**
　　v. )
　)
DEPARTMENT OF REVENUE, )
State of Oregon, )
　)
　　　Defendant. ) **ORDER ON FORM OF JUDGMENT**

## I.  INTRODUCTION

This order explains the court's resolution of the parties' dispute over the form of the

General Judgment entered today.

After the court issued its January 24, 2024, partial summary judgment order deciding the

first of several issues stemming from Defendant's audit of the tax year ended September 27,

2014 (referred to by the parties in a July 16, 2021, letter to the court as the "AppleCare/Apple

Insurance" issues), the parties negotiated a resolution of the remaining issues.  *See Apple Inc. v.*

*Dept. of Rev.*, ___OTR ___ 2024 WL 275091 (Or Tax, Jan 24, 2024) (Order Granting Plaintiffs'

Motion for Partial Summary Judgment and Denying Defendant's Motion for Partial Summary

Judgment) (Partial Summary Judgment Order).  At the court's direction, Plaintiffs submitted a

proposed form of General Judgment on July 2, 2025 (Plaintiffs' Form), to which Defendant

objected on July 15, 2025.  Since then, the dispute over the form of judgment has been narrowed

through the parties' additional briefing, and in light of the court's recent order in *ABC Inc. v.*

*Dept. of Rev.*, TC 5431 ___OTR ___ (Or Tax, Sept 8, 2025) ("enhanced" rate of interest on tax refund under ORS 305.222(1)[1] applies 61 days after entry of this court's judgment). [2]

## II. ISSUES REGARDING FORM OF JUDGMENT

A.      *Description of Issues Litigated*

Defendant objects that Plaintiffs' Form misdescribes the issues actually litigated by ignoring the fact that (1) as allowed by ORS 305.575, Defendant changed its legal theory and the amount of the tax deficiency attributable to the AppleCare/Apple Insurance issue after issuing the notice of assessment from which Plaintiffs appealed, (2) in compliance with an order of the court, Defendant explained and quantified the changed legal theory and deficiency amount to Plaintiffs, and (3) both parties thereafter briefed their cross-motions for partial summary judgment based on Defendant's changed legal theory and deficiency amount. Defendant proposes amendments to the judgment that it asserts reflect the issues as argued, *i.e.,* the changed legal theory and deficiency amount.

B.      *Incorporation of Partial Summary Judgment Order*

The parties disagree whether the Partial Summary Judgment Order should be attached to the General Judgment or merely incorporated therein by reference, as well as the extent to which specific provisions of the Order should be restated in the General Judgment.

---

[1] References to the Oregon Revised Statutes (ORS) are to the 2023 edition unless otherwise indicated. References to this court's rules (TCR) are to the 2025 edition.

[2] Although the parties' briefing extended beyond the proffer and objections contemplated in TCR 70 C, in this case their later submissions ultimately proved helpful to the court by removing certain points of contention. The court therefore declines Plaintiffs' request to disregard Defendant's Objections to Plaintiffs' Second Proposed Form of Judgment. The court notes that its decision to "designate one of the parties to submit a proposed judgment" does not confer any special significance to that party's proposed judgment or entitle it to any particular weight. *See, e.g., Safeway Stores v. Ohlsen*, 192 Or 1, 9, 233 P2d 778, 781 (1951) ("The actual judgment is the judge's personal pronouncement thereof, evidenced later by a document prepared by a clerk or other draftsman which seeks to state in formal phraseology for the court's enduring records the disposition of the case.").

C.      *Itemization of Refund Components*

The parties disagree about the extent to which the amount of tax, penalties, and interest previously paid by Plaintiffs and now to be refunded should be separately stated in the judgment. The parties note that, when separately stated and then added together, the individual amounts to be refunded add up to $1 more than the total refund amount they agree upon, due to rounding.

D.      *Rate of interest under ORS 305.222(1)*

Finally, the parties are divided over how to interpret ORS 305.222(1), an issue the court resolved in *ABC* after these parties had completed their briefing on Plaintiff's Form.

### III.  ANALYSIS AND CONCLUSIONS

A.      *Description of Issues Litigated*

1.  *Facts*

*Notice of assessment and pleadings.*  On or about December 9, 2020, Plaintiffs appealed to this court from Defendant's notice of assessment dated September 11, 2020, which was preceded by an explanatory "Conference Decision Letter" dated September 3, 2020.  (Compl, Ex 1, Ex 2.)  *See* ORS 305.265(15) ("Appeal may be taken to the tax court from any notice of assessment.").  Among other issues, the Conference Decision Letter concludes that 99 percent of certain revenue of Apple Insurance Company, Inc. (Apple Insurance) should be excluded from Plaintiffs' Oregon sales factor denominator based on a theory of alternative apportionment under ORS 314.667.  (Compl, Ex 2 at 1, 4; *see* Def's Ans at 2, ¶ 9 (admitting theory).)  Plaintiffs' complaint includes a prayer for judgment rejecting Defendant's use of alternative apportionment, "excluding Apple Insurance premium revenue from the denominator of Apple's sales factor," but also reducing the assessment to reflect a recomputed sales factor.  (Compl at 8.)  Defendant's answer includes an affirmative allegation "that Apple Insurance revenues * * * *should* have been eliminated from apportionable income and the sales factor as 'intercompany.'"  (Def's Ans at 4

(emphasis added).) The answer mentions ORS 305.575 once, in Defendant's prayer "that the court enter judgment in favor of defendant either upholding the assessment that is the subject of the appeal or in such assessment amount as the court may determine under ORS 305.575, together with costs and disbursements and such other relief as may be deemed just and equitable."[3] (Def's Ans at 5.) Neither party filed any additional, amended, or supplemental pleadings.

*Parties' discussions; court's order.* In a case management conference (CMC) on April 5, 2021, Plaintiffs expressed confusion about Defendant's position regarding the AppleCare/Apple Insurance issues. (Statement of John Gadon, CMC, Apr 5, 2021, 1:39.) The court ordered Defendant to provide its computations with an explanation of proposed adjustments "at a level comparable to a Notice of Deficiency." (Order Apr 11, 2021.) In a status letter to the court dated May 11, 2021, Plaintiffs reported that Defendant had provided computations, but Plaintiffs argued that Defendant had failed to supply an explanation in compliance with the court's order. (*See* Ptf's Ltr, May 11, 2021 (attaching copies of parties' correspondence).) At a CMC that same day, the court directed Defendant to furnish a narrative supporting its computations. (*See* Statement of Judge Manicke, CMC, May 11, 2021, 2:04). At the next CMC, on June 14, 2021, Plaintiffs' counsel informed the court that the issue regarding the sufficiency of Defendant's

---

[3] ORS 305.575 provides in full:

"In an appeal to the Oregon Tax Court from an assessment made under ORS 305.265, the tax court has jurisdiction to determine the correct amount of deficiency, even if the amount so determined is greater or less than the amount of the assessment determined by the Department of Revenue, and even if determined upon grounds other or different from those asserted by the department, provided that claim for such additional tax on other or different grounds is asserted by the department before or at the hearing or any rehearing of the case before the tax court. In the event such other or different grounds are asserted by the department, the opposing party shall be allowed additional time, not less than 10 days, within which to amend or otherwise plead thereto, which additional time, however, may be waived by stipulation of the parties. The order of the tax court shall be sufficient for the collection by the department of the entire amount found by the court to be owing and due."

explanation of its computations had been resolved.  (*See* Statement of John Gadon, CMC, Jun 14, 2021, 1:35 ("Good news, Apple did receive the explanation of adjustments requested by the court's April 4th order, so that issue has been addressed.").)[4]  Any written explanation of the computations sent by Defendant to Plaintiffs at that time was not filed with the court and is therefore not part of the court's record.  However, by letter dated July 16, 2021, the parties presented an agreed schedule for completing discovery and submitting their cross-motions and briefs, and the parties adhered to that schedule.

## 2. *Analysis and Conclusions*

Based on this record, the court finds that Defendant communicated to Plaintiffs that Defendant intended to seek partial summary judgment with respect to the treatment of the AppleCare/Apple Insurance issues based on a theory different from that relied on in the notice of assessment, and that application of the new theory would increase the amount of the asserted

---

[4] The parties now agree that Defendant's changed computations somewhat increase the amount of the tax for TYE 2014 from $10,464,086 to $10,471,781, an increase of $7,695. (Ptfs' Ltr to Court, May 11, 2021, Ex 1 at 3.)  At the CMC on May 11, 2021, counsel for Defendant explained the difference between Defendant's legal theory, as laid out in the conference decision letter, and its claim under ORS 305.575, as follows:

"Initially, Apple filed a return that did not report AppleCare receipts as part of the gross receipts, and in addition they put the insurance company receipts, which are intercompany, into the sales factor. So, they get to the conference, the conference officer and, I guess the auditor, decide that they'll use alternative apportionment to refigure those receipts so that the AppleCare receipts, which come from the customers, are actually showing up in the sales factor, and that the intercompany receipts, which don't come from the customers, they come from AppleCare, that those are put in, that they're eliminated as intercompany transactions. It goes from the numerator to the denominator to the sales factor. Ok, so then, I see the Complaint and I see the conference decision letter, and I say to the Department, why did you need to use alternative apportionment? Why didn't you simply adjust these to reflect the sales like UDITPA requires? They are sales from transactions in the regular course of the trade or business. And so the department says, oh well, I guess we should have. And therefore, I asked them to recompute it just to see if there was any difference, any significant tax difference. So they did that, and what we sent to, first months ago I provided an email to Mr. Gadon telling him that it was only seven thousand, what was it? $7,695 difference between alternative apportionment calculations and actually just plain UDITPA calculations. * * * He said he'd like to see how that was computed. And that's how we got on the topic of computations."

(Statement of Marilyn Harbur, CMC, May 11, 2021, 1:42-1:44.)

deficiency by a certain amount. From these findings, the court concludes that Defendant complied with the requirement in ORS 305.575 that "claim for such additional tax on other or different grounds [be] asserted by the department before or at the hearing or any rehearing of the case before the tax court." The court also finds that Plaintiffs had more than the statutory minimum of 10 days to "amend or otherwise plead thereto," starting no later than the time of the June 14, 2021, CMC.

Plaintiffs have objected that Defendant's post-answer explanation and computations under ORS 305.575 were required to be made in a pleading, for example as an amendment to Defendant's answer. (*See* Ptfs' Resp Def's Obj Ptfs' Form of J at 9 ("Defendant did not include a request for an increased deficiency in its answer and never sought leave to file an amended answer to do so. If a party seeks monetary relief, the dollar amount sought must be pled. TCR 18 A(2).").) The court determines that Plaintiffs' argument is without merit. The Oregon Supreme Court has previously held that an ORS 305.575 claim may be applicable and timely even if raised for the first time on summary judgment. *See Capital One Auto Finance, Inc. v. Dept. of Rev.*, 363 Or 441, 451 (2018) (Defendant asserted on summary judgment that taxpayer owed corporation *income* tax, as opposed to corporation *excise* tax).[5] In addition, the court agrees with

_____

[5] In *Capital One*, the court noted that it was "unable to find legislative history of value to the statutory construction question presented." *Id*. at n 5. This court reaches the same conclusion as to the issue at hand, noting as to context that the legislature enacted ORS 305.575 as part of a 1977 procedural overhaul bill, as recently discussed by this court. *See Hefflinger v. Dept. of Rev.*, __ OTR __ (Oct 9, 2025) (slip op at 13-16). The bill's principal author, Defendant's chief counsel Ted De Looze, appears to have copied the text now in ORS 305.575 from a provision dating to 1941 that applied to the former gift tax. *See former* ORS 119.270(1) (1975); Or Laws 1941, ch 107, § 3(b). As of 1941, if the state (acting at that time through the State Treasurer) determined a gift tax deficiency, the taxpayer could bring a suit in equity in circuit court for review of the determination. *See* Or Laws 1933, ch 427, § 13(b) (Or Code 1930 Supp 1935, § 69-1613; OCLA § 20-213), *amended by* Or Laws 1941, ch 107, § 3.

The court also has found no legislative history of the 1941 act, and the only mention in the legislative history of the 1977 act consists of a remark by De Looze that seems to equate what is now ORS 305.575 with a property tax provision now codified at ORS 305.412. *See* Testimony, Senate Committee on Revenue, SB 833, Apr 6, 1977, 48:00-50:00 (Statement of Ted De Looze "The Tax Court in a very extremely narrow decision, which I never understood, said that where the statute says on appeal to the Tax Court the court can affirm, modify, or reverse the case, the court said that the word 'modify' wouldn't let them find the true cash value of the property because the

Defendant that the court can, and in this case must, deem the pleadings to be amended to include the assertion. *See* TCR 23 B ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they will be treated in all respects as if they had been raised in the pleadings."); *Ogle v. Nooth*, 365 Or 771, 788 (2019) ("[U]nder ORCP 23 B, if an unpleaded issue is tried by express or implied consent, the trial court shall treat the pleading as if it has been amended to include the issue; a formal amendment is not required.").

Plaintiffs nowhere argue that either party framed its arguments on partial summary judgment based on the notice of assessment and complaint, as opposed to the different grounds that Plaintiffs referred to in the June 14, 2021, CMC. Therefore, the General Judgment entered by the court will reflect Defendant's objections to Plaintiffs' Form as to Defendant's claim under ORS 305.575.

B.    *Attachment Versus Incorporation of the Order*

Having considered the parties' arguments, the court will incorporate the Partial Summary Judgment Order, as well as this Order on Form of Judgment, into the General Judgment by reference.

C.    *Separate Statement of the Components of the Total Refund*

Having considered the parties' arguments, the court declines Plaintiffs' proposal to separately state the components of the refund amount.

/ / /

/ / /

---

parties had pled a lower value. * * * So we've said here in effect that in the Tax Court, where the evidence shows what the true cash value is, [the court] can find the true cash value."); *id.* at 54:00 ("Section 30, I got mixed up here, Section 30 is the section I previously explained about the Tax Court, about the narrow view of the language. Section 21, I should have said was simply adopting language from the gift tax law that's presently there and comes out of a repealed section.").) As in *Capital One,* this court concludes that the legislative history does not contribute meaningfully to the analysis of this issue.

D.    *Imposition of Tier Two Interest Pursuant to ORS 305.222(1)*

Plaintiffs' argument is well taken as to the start date for the enhanced rate of interest under ORS 305.222(1).  The court adopts the reasoning and holding of its Order Denying Defendant's Objections to Form of Judgment, dated September 8, 2025, in *ABC Inc. and Combined Affiliates v. Dept. of Rev.* (Case No. TC 5431).

E.    *Conclusion and Order*

Now, therefore,

IT IS ORDERED that Defendant's Objections to Plaintiffs' Form of Judgment are granted in part and denied in part.

Dated this 29th day of October, 2025.

10/29/2025 3:25:03 PM

Judge Robert T. Manicke